[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11196
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-00190-TWT-ECS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REX ANYANWU,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 2, 2015)

Before HULL, WILSON and BLACK, Circuit Judges.

PER CURIAM:

After a jury trial, Rex Anyanwu appeals his convictions for 18 counts of

inducing or encouraging an alien to enter or reside in the United States, in violation

of 8 U.S.C. § 1324(a)(1)(A)(iv), and one count of conspiracy to harbor aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I).  Anyanwu contends that the district court erred in its jury instructions on these counts by including references to—and a definition of—the word "harbor," even though harboring was not an element of the offenses.  After review, we affirm.

## I. BACKGROUND

On June 19, 2012, the United States filed an 18-count criminal indictment against Defendant Anyanwu.  On September 18, 2012, a federal grand jury returned a superseding indictment, in 104 counts, charging Anyanwu with (1) one count of conspiracy to commit visa fraud, in violation of 18 U.S.C. § 371; (2) one count of conspiracy to harbor aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I); (3) 50 counts of visa fraud, in violation of 18 U.S.C. § 1546(a); (4) 49 counts of alien harboring, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv); and (5) three counts of procuring citizenship unlawfully, in violation of 18 U.S.C. § 1425(a).

During a two-week jury trial, the government called more than 30 witnesses. Through these witnesses, the government introduced evidence that, for more than ten years, Anyanwu ran a business arranging fraudulent marriages between aliens who wanted to become United States citizens and United States citizens who wanted money.  Anyanwu knew that many of the aliens were in the United States

illegally.  By arranging the marriages, Anyanwu enabled the aliens to receive lawful permanent resident status and remain in the United States indefinitely.

The marriages were shams.  On the day of the weddings, Anyanwu would provide transportation to the ceremonies for the citizens, most of whom came from Huntsville, Alabama.  The alien and the citizen often would meet for the first time on the day of their wedding, and the weddings were never consummated.  At the ceremony, Anyanwu would take pictures of the alien and the citizen, and he occasionally had each person bring several outfits to wear for the photographs.  Most of the participants in the marriages interacted with their spouse only to the extent it was needed for the wedding and for convincing Immigration officials that the marriage was real.

Anyanwu charged each alien approximately $7,500 to $10,000 for his assistance in arranging the marriage and enabling the alien to remain in the country, and he paid the United States citizens each between $500 and $900 for marrying an alien.

As part of the scheme, Anyanwu created fraudulent documents that were used by the "couples" to demonstrate to the government that their marriages were bona fide.  Among the types of documents that Anyanwu falsified for this purpose were W-2s, joint bank account statements, lease agreements, employment verification letters, and utility bills showing the couple listed together on an

3

account.  Additionally, Anyanwu prepared the aliens and the citizens for interviews conducted by Immigration officials who investigated potential fraud.  And Anyanwu suggested answers that would help convince the officials that the marriage was legitimate.

At the conclusion of its case in chief, the government moved to dismiss 26 of the 104 counts, including 13 of the counts alleging violations of 8 U.S.C. § 1324(a)(1)(A)(iv).  Those counts were dismissed, and Anyanwu rested his defense without calling any witnesses.

The district court issued the following instruction to the jury regarding the counts of alien harboring, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv):

> Counts 53 through 101[1] charge the Defendant with committing the substantive offense of illegally harboring aliens.  It's a federal crime to harbor an alien knowing or in reckless disregard of the fact that the alien is in the United States illegally.  The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt: One, the alien resided or remained in the United States illegally; two, the Defendant knowingly encouraged or induced the alien to reside or remain within the United States; three, the Defendant either knew or acted in reckless disregard of the fact that the alien resided or remained in the United States in violation of the law; and, four, the Defendant's motive was commercial advantage or private financial gain.

---

[1]The superseding indictment included 104 counts, of which counts 53-101 (49 counts) were the alleged violations of § 1324(a)(1)(A)(iv).  As noted, supra, the district court dismissed 13 of those counts.  The jury convicted Anyanwu on 18 of the remaining § 1324(a)(1)(A)(iv) counts and acquitted him on the other 18 counts brought under that section.

An alien is any person who isn't a natural-born or naturalized citizen or a national of the United States. A citizen of the United States is a person who was born within the United States or naturalized through judicial proceedings. A person who was born outside the United States is a citizen of the United States if both parents were United States citizens and at least one of them had a residence in the United States before the birth. A national of the United States includes any United States citizen and any non-citizen who owes permanent allegiance to the United States.

To act with reckless disregard of the fact means to be aware of but consciously and carelessly ignore facts and circumstances clearly indicating that the person transported was an alien who had entered or remained in the United States illegally. To harbor includes knowingly doing something to help the alien escape detection.

(Emphasis added). Anyanwu objected to the definition of "harbor" in the last sentence of the instruction. The district court, overruling the objection, stated that "this is right out of the pattern charge."

During deliberations, the jury sent a question and asked the district court to clarify the meaning of "induced or encouraged."[2] After conferring with the prosecution and defense counsel, both of whom agreed to the district court's response to the question, the district court instructed the jury that "encouraged means what it means in ordinary, everyday English usage. It means to encourage

---

[2]The jury also requested clarification of other terms, which related to other counts and are not relevant to this appeal.

someone.  Induce means to influence or persuade.  So induced would mean influenced or persuaded."

After further deliberations, the jury asked the district court to "clarify and give an example of 'the Defendant knowingly encouraged or induced the alien to reside or remain within the United States.'"  After conferring with the prosecution and defense counsel, the district court responded to the jury's question by telling the jury that "any further response . . . would require me to comment on the facts of the case, and that I can't do."

The jury resumed deliberations and eventually returned a verdict, finding Anyanwu guilty of one count of conspiracy to commit visa fraud, in violation of 18 U.S.C. § 371; one count of conspiracy to harbor aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I); all 37 remaining counts of visa fraud, in violation of 18 U.S.C. § 1546(a); 18 of the remaining 36 counts of alien harboring, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv); and three counts of procuring citizenship unlawfully, in violation of 18 U.S.C. § 1425(a).

The district court sentenced Anyanwu to 70 months' imprisonment. Anyanwu timely appealed.  On appeal, Anyanwu raises only a single jury charge issue and does not challenge his sentence.  Anyanwu argues that the district court erred in its jury instruction regarding the counts of alien harboring, in violation of 8

U.S.C. § 1324(a)(1)(A)(iv), and the count of conspiracy to harbor aliens, in violation of § 1324(a)(1)(A)(v)(I).[3]

## II. DISCUSSION

### A.    Standard of Review

This Court reviews de novo "jury instructions challenged in the district court . . . to determine whether the instructions misstated the law or misled the jury to the prejudice of the objecting party." United States v. Gibson, 708 F.3d 1256, 1275 (11th Cir.), cert. denied, 571 U.S. ___, 134 S. Ct. 342 (2013). "We will not reverse a conviction on the basis of a jury charge unless the issues of law were presented inaccurately, or the charge improperly guided the jury in such a substantial way as to violate due process." United States v. Williams, 526 F.3d 1312, 1320 (11th Cir. 2008) (brackets omitted) (quoting United States v. Prather, 205 F.3d 1265, 1270 (11th Cir. 2000)). The district court's jury instructions are subject to harmless error review. United States v. House, 684 F.3d 1173, 1196 (11th Cir. 2012), cert. denied, 568 U.S. ___, 133 S. Ct. 1633 (2013).

### B.    Alien Harboring Under § 1324

Section 1324, under which Anyanwu was convicted of 18 counts, is entitled "Bringing in and harboring certain aliens." See 8 U.S.C. § 1324. The subsection

---

[3]The government alleged that Anyanwu violated § 1324(a)(1)(A)(v)(I) by engaging in a conspiracy to violate § 1324(a)(1)(A)(iv). The district court specified the elements of § 1324(a)(1)(A)(iv) only once, when instructing the jury on counts 53-101. Anyanwu contends that the district court's jury instruction regarding the substantive counts, therefore, constituted error with regard to the conspiracy count, as well.

of § 1324 under which Anyanwu was charged makes it a crime for any person to "encourage[ ] or induce[ ] an alien to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law." Id. § 1324(a)(1)(A)(iv).

The elements of a violation of § 1324(a)(1)(A)(iv) are "(1) encouraging or inducing; (2) an alien; (3) to come to, enter, or reside in the United States; and (4) knowing or in reckless disregard that the alien's coming to, entering, or residing in the United States is illegal." United States v. Lopez, 590 F.3d 1238, 1250 (11th Cir. 2009).

On appeal, Anyanwu argues that the district court "misstated the law that was applicable to these charges" and "[misled] the jury into believing that the Government could prove a violation of 8 U.S.C. § 1324(a)(1)(A)(iv) if the evidence showed Mr. Anyanwu harbored the illegal aliens involved under a definition designed for a different code section." Anyanwu contends that the challenged jury instruction "allowed the Government to convict [him] on an alternative theory [of 'harboring'] that was not set forth in the indictment" and asks this Court to set aside his convictions on those 18 counts.

This argument ignores that the district court did charge the elements of a § 1324(a)(1)(A)(iv) offense. In its jury instruction, the district court stated that Anyanwu could "be found guilty of this crime only if all the following facts are

8

proved beyond a reasonable doubt: . . . the alien resided or remained in the United States illegally[,] . . . the Defendant knowingly encouraged or induced the alien to reside or remain within the United States," and "the Defendant either knew or acted in reckless disregard of the fact that the alien resided or remained in the United States in violation of the law."  Although the district court consolidated the Lopez formulation into three elements, it did not remove any of the facts that the government was required to prove beyond a reasonable doubt.  Put simply, the district court's charge to the jury prohibited a conviction unless the government met the burden it was required to bear under § 1324 and this Circuit's case law.  Accordingly, there was no legal error in this portion of the jury instruction as far as it went.[4]

We do recognize, however, that § 1324(a)(1)(A)(iv) does not require any proof of harboring in order to sustain a conviction.  Thus, the district court's inclusion of the harboring definition was unnecessary to the extent the jury had no need to consider that definition when applying the law to the facts of Anyanwu's case.  Furthermore, although the district court claimed that the definition came "right out of the pattern charge," this Circuit's pattern jury instructions include a

_____

[4]The district court's jury instructions did add an element to the crime with which Anyanwu was charged.  Although the district court stated that the defendant could be found guilty only if "the Defendant's motive was commercial advantage or private financial gain," § 1324 does not make such a motive an element of the crime.  Rather, the defendant faces an enhanced statutory maximum sentence if such a motive is established.  See 8 U.S.C. § 1324(a)(1)(B)(i)-(ii).  However, in the district court, Anyanwu did not object to the inclusion of that element in the jury charge, and on appeal he does not challenge its inclusion.

definition of "harbor" in the pattern instruction for an alleged violation of a different subsection of § 1324—8 U.S.C. § 1324(a)(1)(A)(iii)—and there is no pattern charge for an alleged violation of § 1324(a)(1)(A)(iv).  See Eleventh Circuit Pattern Jury Instructions (Criminal Cases) at 556-57 (2010).

Nonetheless, as noted above, § 1324 is entitled "Bringing in and harboring certain aliens."  Thus, the district court's provision of the definition of "harbor" provided some context to the 36 counts that were entitled "Alien harboring" on the verdict form.  And the definition was given at the end of a series of definitions, clearly separated from the part of the jury instruction that specified the elements of a violation of § 1324(a)(1)(A)(iv).  Accordingly, we cannot say that the district court "misled the jury to the prejudice of the objecting party," see Gibson, 708 F.3d at 1275, or "improperly guided the jury in such a substantial way as to violate due process," see Williams, 526 F.3d at 1320.

Furthermore, although Anyanwu contends that the inclusion of a definition of "harbor" could have allowed the jury to convict him on the basis of a theory not presented in the indictment, the jury's questions reveal that the jury properly focused on the acts alleged in the § 1324(a)(1)(A)(iv) counts in the indictment: inducement or encouragement of aliens to remain in the country unlawfully.  The jury asked no questions about harboring aliens, but twice asked the district court about the meaning of inducement.  Even if we thought that the district court's

instructions had the potential to mislead the jury, the jury's clear focus on the relevant language from § 1324(a)(1)(A)(iv) and the relevant counts in the indictment and jury charge, which included all the elements of the crime, leads us to conclude that, at most, this was harmless error.

### III. CONCLUSION

For all the foregoing reasons, we affirm Anyanwu's convictions for 18 counts of inducing or encouraging an alien to enter or reside in the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), and one count of conspiracy to harbor aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I).

**AFFIRMED.**